UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSEPH A. BIASELLA,

              Plaintiff,

vs.                         Case No.  2:04-cv-320-FtM-29DNF

CITY OF NAPLES, FLORIDA; JOE HERMS;
PENNY TAYLOR; FRED TARRANT,

              Defendants.

_____

## OPINION AND ORDER

     This matter comes before the Court on defendants' motions for summary judgment (Docs. #92, 94, 102), filed on April 7, 2006, and on April 17, 2006.  Plaintiff Joseph A. Biasella filed his Response and Memorandum of Law on May 8, 2006.  (Docs. #117, 118.)  With the Court's permission, defendants filed Replies on May 19, 2006, (Docs. #130, 132, 133), and plaintiff filed his Sur-Replies on May 30, 2006, (Docs. #141, 144, 145.)   The parties also filed affidavits, depositions, and other exhibits in support of their respective briefs.

### I.

     Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."   Fed. R. Civ. P. 56(c).  An issue is "genuine" if there is sufficient evidence such that a reasonable jury or the factfinder at trial could return a verdict for either party.   Anderson v.

Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A fact is "material" if it may affect the outcome of the suit under governing law.  Id.  The moving party bears the burden of identifying those portions of the pleadings, depositions, answers to interrogatories, admissions, and/or affidavits which it believes demonstrate the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004).

To avoid the entry of summary judgment, a party faced with a properly supported summary judgment motion must come forward with extrinsic evidence, i.e., affidavits, depositions, answers to interrogatories, and/or admissions, which are sufficient to establish the existence of the essential elements to that party's case, and the elements on which that party will bear the burden of proof at trial.  Celotex Corp., 477 U.S. at 322; Hilburn v. Murata Elecs. N. Am., Inc., 181 F.3d 1220, 1225 (11th Cir. 1999).  In ruling on a motion for summary judgment, if there is a conflict in the evidence, the non-moving party's evidence is to be believed and all reasonable inferences must be drawn in favor of the non-moving party.  Shotz v. City of Plantation, Fla., 344 F.3d 1161, 1164 (11th Cir. 2003).

## II.

The operative pleading is a one-count Amended Complaint (Doc. #29) alleging, pursuant to 42 U.S.C. § 1983, a violation of various constitutional rights.  Plaintiff seeks declaratory and injunctive

relief, as well as compensatory and punitive damages, costs and attorney fees.

In its August 11, 2005, Opinion and Order (Doc. #53), the Court dismissed the Amended Complaint against defendant Tarrant without prejudice.  Since leave was not sought to further amend as to defendant Tarrant, he is not currently a defendant in the case. The Court also dismissed the portions of the Amended Complaint which relied upon allegations of unlawful search and seizure, a right to be free from maliciously instigated and baseless investigations, and defamatory statements unrelated to plaintiff's contracts with the City of Naples, Florida (the City).[1]  The only remaining claim is plaintiff's assertion that defendants violated his Fourteenth Amendment procedural due process right when they deprived him of property without due process of law.  Specifically, the property interest asserted is plaintiff's right to a continuing contract with the City and the right not to be precluded from future contracts with the City.

Viewed in the light most favorable to plaintiff, the Court finds that the undisputed material facts establish that summary judgment must be granted in favor of defendants Joe Herms and Penny Taylor.  As it relates to the granting of contracts, the termination of contracts, or the preclusion of bidding on

---

[1]In summary judgment motions and responses, the parties seem to argue matters which the Court has already resolved.  The Court finds it unnecessary to revisit these claims, and will address only the remaining procedural due process claim.

contracts, it is undisputed that neither Herms nor Taylor were the "decisionmaker," and therefore neither has individual liability. "The 'decisionmaker' inquiry addresses who has the power to make official decisions and, thus, be held *individually* liable." <u>Quinn v. Monroe County</u>, 330 F.3d 1320, 1326 (11th Cir. 2003)(emphasis in original).  Whatever Herms or Taylor may have done to agitate the situation and express personal views, they simply had no authority over contracts, either as an individual or as two members of a seven-person City Council, and did not purport to exercise such authority.  Since Herms and Taylor were not the decisionmaker in any of the challenged conduct, they can have no individual liability.

As to the City of Naples, the Court has reviewed the record in some detail.  While the issue is close, the Court concludes that plaintiff has identified sufficient evidence that, if believed, could establish his cause of action against the City.  Accordingly, the City's motion will be denied.

Accordingly, it is now

**ORDERED:**

1. Defendant Joseph Herms' Motion for Final Summary Judgment, Request for Oral Argument, and Request for Attorney Fees (Doc. #92) is **GRANTED** as to summary judgment and is otherwise **DENIED.**

2.  Defendant City of Naples' Motion for Summary Judgment (Doc. #94) is **DENIED.**

-4-

3.  Defendant Penny Taylor's Motion for Summary Judgment (Doc. #102) is **GRANTED** as to summary judgment and is otherwise **DENIED.**

4.  Plaintiff's Clarification to Biasella's Reply Memorandum (Doc. #149) was mistakenly characterized as a motion.  The Clerk of the Court is instructed to re-characterize the Clarification as a Notice.

5.  The Clerk shall withhold entry of judgment pending the completion of the entire case.

**DONE AND ORDERED** at Fort Myers, Florida, this __27th__ day of October, 2006.


_____
JOHN E. STEELE
United States District Judge


Copies:
Counsel of record